IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>U.S. DEPARTMENT OF STATE FOIA LITIGATION REGARDING EMAILS OF CERTAIN FORMER OFFICIALS | Misc. No. 15-1188 |

**CITIZENS UNITED'S RESPONSE IN OPPOSITION TO
UNITED STATES DEPARTMENT OF STATE'S MOTION FOR
DESIGNATION OF COORDINATING JUDGE**

Citizens United, the plaintiff in four cases in this Court that would be affected by the relief requested in this miscellaneous action, respectfully opposes the motion for designation of a coordinating judge filed by the United States Department of State.[1]

**INTRODUCTION**

The State Department's motion is a transparent attempt to have three judges of this Court's Calendar and Case Management Committee—and eventually a single coordinating judge—sit in review of decisions of their colleagues regarding the appropriate timing of production of certain sets of State Department records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). That request is contrary to this Court's Rules, which explain that "the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues." Comment to LCvR 40.5(c)(3). And it would impose an unjustified delay in long-pending cases in which production deadlines already have been established (frequently in accordance with the State Department's own scheduling proposals). Indeed, while the State Department makes much of the burden imposed

---

[1] Citizens United is the Plaintiff in Nos. 15-cv-374 (EGS), 15-cv-441 (CRC), 15-cv-518 (ABJ), and 15-cv-1031 (EGS).

1

by the several FOIA requests at issue here, it tellingly does *not* say that it is incapable of meeting any currently pending deadline, or that it is subject to conflicting orders.  Rather, it merely speculates that it *could be* subject to conflicting orders at some point in the future.  United States Mot. for Designation of Coordinating Judge ("Coordination Mot."), at 2 (ECF No. 1).

      That is not remotely enough to warrant reconsideration—by a coordinating judge or otherwise—of the production deadlines and briefing schedules previously established in these cases.  To state the obvious, the documents as to which the State Department now (after many months) abruptly seeks "coordination" of production are of immense public significance, and their disclosure is being delayed far beyond FOIA's statutory 20-day deadline, at a time—the threshold of a campaign for President—when they are most important.  Here, "coordination" is a disguise for delay.

      For these reasons, at a minimum, the State Department's motion should be denied with respect to those cases as to which deadlines for production already have been established, including Citizens United's actions 15-374, 15-441, and 15-518.  And in cases where production and briefing deadlines have not yet been established, before the Calendar and Case Management Committee designates a coordinating judge to superintend scheduling matters, the State Department should be required to attempt to achieve its coordination objectives by negotiating an omnibus schedule with the plaintiffs in those cases.  Only if that effort fails, upon a showing of need for extraordinary scheduling relief, would designation of a coordinating judge possibly be appropriate.  The Calendar and Case Management Committee therefore should defer any referral of scheduling matters in these cases to a coordinating judge unless and until the State Department meets and confers with the plaintiffs in those cases regarding an omnibus schedule.

**RELEVANT BACKGROUND**

Citizens United is a plaintiff in four FOIA suits related to this miscellaneous action.

In the first filed case, No. 15-374 (Judge Sullivan), Citizens United seeks the State Department's compliance with four document requests that were submitted in May and July of 2014, which was sixteen and fourteen months ago, respectively. The requests are limited to communications of three former State Department employees with several identified recipients. In that case, Judge Sullivan took submissions from the parties regarding an appropriate production schedule and, in view of the numerous FOIA requests that the State Department was facing, and at the State Department's suggestion, adopted a September 13, 2015 production deadline. *See* Tr. of Hearing on May 12, 2015, *Citizens United v. U.S. Dep't of State*, No. 15-cv-374, at 5:9–16 (ECF No. 7). Also at the State Department's suggestion, Judge Sullivan ordered the State Department to file its motion for summary judgment by September 20, 2015. *Id.* at 6:13–17. Judge Sullivan noted that these were "firm dates" and that he would not extend them. *Id.* at 3:17–21.

In case Nos. 15-441 (Judge Cooper) and 15-518 (Judge Amy Berman Jackson), Citizens United seeks compliance with FOIA requests for (1) documents relating to the position of State Department Inspector General and to a specific Inspector General report (No. 15-441), and (2) communications with a specific company (and its subsidiaries) and correspondence with or relating to an individual who served on the State Department's International Security Advisory Board (No. 15-518). In case No. 15-441, to the extent that Citizens United has requested communications contained in the approximately 55,000 pages of emails (and attachments) that former Secretary Clinton returned to the State Department, Judge Cooper accepted the State Department's proposal and adopted the same production order issued by Judge Contreras in *Leopold v. U.S. Dep't of State*, No. 15-123 (D.D.C. May 27, 2015) (ECF No. 17) ("*Leopold I*"),

which calls for production of portions of those "Clinton emails" on a monthly rolling basis, to be completed by January 29, 2016.  Judge Cooper ordered all other responsive, non-exempt records to be produced by October 30, 2015.  In case No. 15-518, Judge Jackson similarly ordered rolling production of documents to begin August 31, 2015 and to continue on a monthly basis.

In case No. 15-1031 (Judge Sullivan), the parties have been directed to meet and confer on a schedule for production and briefing by September 15, 2015.  In that case, the Court has not yet set a schedule for production of documents or briefing.

The State Department's present motion asks to have scheduling matters in some 30 different FOIA cases pending in this district transferred to a single "coordinating judge."  The State Department envisions that this single judge will "determine how to best prioritize the search demands of the different cases" Coordination Mot. at 10, and establish a "schedule" for searches of non-state.gov emails from individuals other than former Secretary Clinton, *id.* at 12.  The State Department seems to suggest that requests for documents from State Department employees other than former Secretary Clinton be deferred until after it completes production of the Clinton emails at the end of January 2016.  If that, indeed, is the State Department's proposal, then in cases 15-374, 15-441, and 15-518, the State Department proposes to have the coordinating judge dissolve existing production orders—which were entered after each respective judge *already* determined how to prioritize the search demands of the different cases—and replace them with a new scheduling order that would contemplate production of the non-Clinton communications sometime after January 2016.  The role of this coordinating judge apparently will be limited only to scheduling issues; the State Department does not identify any issue of law or fact relevant to the plaintiffs' claims for relief under FOIA to be resolved by the coordinating judge.

On the same day that the State Department filed its motion, it sought a stay of all pending FOIA cases in this Court related to this miscellaneous action, pending resolution of this motion. Citizens United opposes the imposition of a stay on its pending FOIA cases. On September 11, 2015, Judge Sullivan denied the State Department's motions for a stay in Nos. 15-374 and 15-1031. In No. 15-374, Judge Sullivan observed that the State Department had previously agreed before the Court that it could complete production of all documents by September 13, 2015. Judge Sullivan also noted that the State Department "has not expressed an inability to comply with this production schedule, a schedule it suggested and agreed to[.]" Minute Order, *Citizens United v. U.S. Dep't of State*, No. 15-cv-374 (D.D.C. Sept. 11, 2015). As a result, Judge Sullivan concluded that "judicial economy and the interests of justice will not be served by staying this matter at this time." *Id.* In No. 15-1031, Judge Sullivan denied the stay motion in view of the imminent deadline for the parties to meet and confer on a schedule. Minute Order, *Citizens United v. U.S. Dep't of State*, No. 15-cv-1031 (D.D.C. Sept. 11, 2015).

## ARGUMENT

The State Department is free to urge Judges Cooper, Jackson, and Sullivan to revise their existing orders and replace them with new production schedules that it favors. But the State Department may *not* internally appeal those judges' production orders to another judge of this court, or otherwise compel transfer of scheduling matters away from those judges.

I.  **This Court's Rules Do Not Allow These Cases To Be Transferred Without The Consent Of The Current Judge**

The State Department's motion invokes this Court's Rules 40.5(e) and 40.6. Coordination Mot. at 9. But those Rules do not authorize what the State Department requests in its motion, which is for the Calendar and Case Management Committee to *order* multiple cases removed from their existing judges and given to a new "coordinating judge."

5

Local Rule 40.5(e) concerns transfers of "related cases." Civil cases are "related" when "they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction[,] or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). The State Department has never suggested that these FOIA cases are "related," and it did not notice them as related cases as envisioned by Local Rule 40.5(b)(3). Indeed, the State Department here acknowledges that the cases "are not susceptible to traditional consolidation under [Federal] Rule [of Civil Procedure] 42, because they involve a wide range of *unrelated* subject matters." Coordination Mot. at 2 (emphasis added). The concession that Federal Rule 42 consolidation is inappropriate is also a concession that the cases are not related as Local Rule 40.5 requires. An order of referral by the Calendar and Case Management Committee under Rule 40.5(e) thus is not available in this circumstance.

Moreover, Rule 40.5(e) allows the Calendar and Case Management Committee to enter an order of referral only "in order to avoid a duplication of judicial effort." But what the State Department asks is that a "coordinating judge" establish a *new* production schedule in several cases where judges *already* have weighed the circumstances of the individual cases before them and issued scheduling orders. Granting the State Department a do-over on the scheduling matters in these cases would not enhance judicial economy. To the contrary, it would lead to precisely the "duplication of judicial effort" that Rule 40.5(e) attempts to forestall.[2]

---

[2] The State Department complains that the existing scheduling orders in the cases related to this action amount to a "hodgepodge." Coordination Mot. at 2. Of course, to the extent a court adopted the *State Department's* scheduling suggestion, as did Judge Sullivan in case No. 15-374 and Judge Cooper in case No. 15-441, then the State Department has only itself to blame for the existing state of affairs. It also is telling that at no time in the history of these proceedings has the State Department ever attempted to negotiate with the parties over the omnibus scheduling order that it now—quite belatedly—wishes for a coordinating judge to impose. Indeed, for all of its rhetoric, the State Department's motion includes not even
*(Cont'd on next page)*

Even in those cases where schedules have not yet been established, there is no substantial risk of "duplication of judicial effort" that would warrant a referral order. The State Department and plaintiffs in those actions certainly are capable of negotiating an omnibus scheduling order, but the State Department has not yet attempted to do so. And to the extent that there is disagreement among the parties as to the terms of such an order, there is no reason to believe that a second judge faced with that disagreement would resolve it differently from the first. Indeed, when Citizens United sought certain communications of former Secretary Clinton in case No. 15-441 that already were the subject of Judge Contreras's production order in *Leopold I*, Judge Cooper conformed his scheduling order to the order in *Leopold I*. Minute Order, *Citizens United v. U.S. Dep't of State*, No. 15-cv-441 (D.D.C. Aug. 4, 2015). Judge Jackson similarly ordered "rolling production . . . on a monthly basis" after the State Department informed Judge Jackson of the order in *Leopold I*. Minute Order, *Citizens United v. U.S. Dep't of State*, No. 15-cv-518 (D.D.C. July 17, 2015); *see* Am. Initial Status Report, *Citizens United v. U.S. Dep't of State*, No. 15-cv-518, at 3 (D.D.C. July 17, 2015) (ECF No. 15). The State Department suggests no reason to believe that district judges cannot similarly coordinate their orders concerning the production of documents from other State Department employees. Until the State Department tries to do so, there is no basis for a referral order under Rule 40.5(e).

The State Department's reliance on Local Rule 40.6(a) is even more baffling. That rule expressly leaves the decision whether to transfer "all or part" of a case to the *transferring* judge

---

*(Cont'd from previous page)*

    one concrete example of orders in these cases that are in conflict or tension with one another. In fact, the scheduling orders issued to date are in far greater alignment than the State Department lets on. For example, in Citizens United cases that involve requests for communications of former Secretary Clinton, Judge Cooper has expressly adopted the production schedule ordered by Judge Contreras in *Leopold I*, and Judge Jackson similarly has ordered rolling production on a monthly basis.

(with consent of the transferee judge). Nothing in Rule 40.6(a) would allow the mandatory transfer of scheduling matters that the State Department envisions.

This Court's Rules do not allow the State Department to take a mini-appeal of scheduling orders that it now disfavors to other judicial colleagues on the same Court. If the State Department wants relief from scheduling orders already entered, it should seek that relief from the judges who entered the scheduling orders. If it wants to coordinate the scheduling of production and briefing in other cases, it should meet and confer with the plaintiffs in those cases on an omnibus schedule. In neither circumstance is there adequate cause for the Calendar and Case Management Committee to get involved.

## II. The State Department's Reliance on Coordination of Cases Relating to Guantanamo Bay Detainees Is Misplaced

The State Department attempts to draw support for its unprecedented request from Judge Hogan's order consolidating, for certain purposes, several cases involving petitioners detained at Guantanamo Bay, Cuba. Coordination Mot. at 9–10; *see* Order, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C. July 2, 2008) ("Guantanamo Coordination Order"). That order offers no support for the State Department's motion, and certainly not for the *mandatory* order that the State Department seeks, which would "transfer" cases with existing orders and briefing schedules away from their present judges. Coordination Mot. at 15.

The procedure in the Guantanamo case was *voluntary*, and as the State Department acknowledges in a footnote, "[t]wo judges opted out of the coordination process *entirely*." *Id.* at 10 n.7 (emphasis added); *see also* Guantanamo Coordination Order at 2 n.1 ("Excluded from reassignment are all cases over which Judge Richard J. Leon currently presides as well as *Hamdan v. Bush*, No. 04-CV-1519-1519 (Robertson, J.)."). Judge Hogan's order does not suggest that this Court's Calendar and Case Management Committee has the power to take cases

from colleagues disinclined to cede them; if anything, Judge Hogan's order confirms that the *opposite* is true.

The circumstances underlying the Guantanamo case are entirely unlike those here. First, the Guantanamo Coordination Order, entered on July 2, 2008, was issued in the immediate aftermath of *Boumediene v. Bush*, 553 U.S. 723 (2008), in which the Supreme Court held that aliens detained at Guantanamo Bay were entitled to pursue writs of habeas corpus. *Boumediene* opened the writ to hundreds of detainees, and coordination in order to address those cases "as expeditiously as possible per the Supreme Court[ ]" was (as opposed to these cases) unlikely to upset existing orders and deadlines given *Boumediene*'s transformative impact on the legal landscape. Guantanamo Coordination Order at 2. Also unlike these cases, the Guantanamo cases shared a number of issues of law and fact that stood to benefit from "common resolution," such as "*Boumediene*-related motions to dismiss" that had been filed, the appropriate standards of proof and burdens of production and persuasion in the detainees' cases, and the appropriate procedures for protecting classified intelligence information. Scheduling Order, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH), at 2–3 (D.D.C. July 11, 2008) (ECF No. 53).

Nothing like that is at issue here. These cases do not call for any new groundbreaking FOIA developments. Indeed, the State Department's motion is noteworthy in that it seeks the coordination not of important questions of law or fact, but *only* of scheduling matters and possibly of a handful of discovery requests. Those mundanities do not require the extraordinary intervention of the Calendar and Case Management Committee. The parties and the district judges to whom the cases have been assigned are perfectly capable of addressing these issues in

a way that reconciles the State Department's statutory obligations, the public's right to information at a critically important time, and the strains on the State Department's resources.

The State Department's motion should be denied as to all cases in which scheduling orders already have been issued, including Citizens United's cases Nos. 15-374, 15-441, and 15-518.  In cases in which scheduling orders have not yet been issued, the State Department should be directed to meet and confer with the plaintiffs in those actions on an omnibus schedule before seeking further relief from the Calendar and Case Management Committee.

## CONCLUSION

The State Department's motion for designation of a coordinating judge should be denied.

Dated:  September 14, 2015

Ralph Christian Berg
CITIZENS UNITED
D.C. Bar No. 496321
chris@chrisberglaw.com
1006 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 547-5420

Respectfully submitted,

/s/ Theodore B. Olson
Theodore B. Olson
D.C. Bar No. 367456
Matthew D. McGill
D.C. Bar No. 481430
Michael R. Huston
D.C. Bar No. 1012841
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8668

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2015, I caused the foregoing to be filed through the Court's CM/ECF system, which will send a notice of the filing to all counsel of record.

          /s/ Theodore B. Olson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>U.S. DEPARTMENT OF STATE FOIA LITIGATION REGARDING EMAILS OF CERTAIN FORMER OFFICIALS | Misc. No. 15-1188 |

**[PROPOSED] ORDER DENYING UNITED STATES DEPARTMENT OF STATE'S MOTION FOR DESIGNATION OF COORDINATING JUDGE**

Upon consideration of United States Department of State's motion for designation of a coordinating judge and transfer of the cases designated in the Schedule of Cases attached to that motion, and the documents filed in opposition thereto, the Court finds that United States Department of State's motion should be and hereby is **DENIED**.

**IT IS THEREFORE ORDERED** that United States Department of State's Motion for Designation of Coordinating Judge is **DENIED**.

So ordered.

_____
Date

_____