UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                                    )
U.S. DEPARTMENT OF STATE FOIA            )
LITIGATION REGARDING EMAILS OF         )        Misc. No. 15-1188
CERTAIN FORMER OFFICIALS                   )

**COMPETITIVE ENTERPRISE INSTITUTE'S MEMORANDUM IN OPPOSITION TO UNITED STATES DEPARTMENT OF STATE'S MOTION FOR DESIGNATION OF COORDINATING JUDGE**

The government's motion should be denied because it did not satisfy the meet-and-confer requirements of Local Civil Rule 7(m). While the government's counsel did email me prior to filing the motion, the government did not discuss the motion telephonically, or even attempt to do so, even though I emailed back raising concerns about the motion, and including my direct dial number with that email. "The Local Rule is clear that compliance with the duty to confer requirement necessitates something more than an exchange of letters or a chain of e-mail correspondence; if the moving party does not discuss the anticipated motion with opposing counsel 'in person or by telephone,' then she has not followed the rule and the court may dismiss her motion." *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29, 31 (D.D.C. 2007), *citing U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 528 (D.D.C.2006) (holding that parties who generated "an abundance of paper in corresponding about the underlying discovery disputes" but did not "discuss[ ] the motions in person or by phone" did not comply with Local Civil Rule 7(m)). Motions must be discussed "in person or by phone," not merely foreshadowed by correspondence or papers, to satisfy this requirement. *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C. 2006).

The government also has not made clear why our case, *Competitive Enterprise Institute v. U.S. Department of State*, D.C. Civil Action No. 15-553, should be subject to coordination to

begin with.  The government has sought to "coordinate" our straightforward, quite limited case with other cases -- including a very different, radically larger case -- for reasons that remain unclear to us. Our case involves FOIA requests that sought only certain documents related to (a) information technology training (provided to or completed by former Secretary of State Clinton), or (b) separation or cybersecurity training documents (for Ms. Clinton and two of her aides).  See *Competitive Enterprise Institute v. U.S. Department of State*, Civil Action No. 15-553, Complaint at ¶12-13.  The requests were sufficiently simple to process that the government informed us that it has located only about 141 records responsive to our request, and it anticipated production being largely complete soon. *See Defendant's Motion to Stay Pending Resolution of Its Motion for Designation of Coordinating Judge* at 3, ¶4, in *Competitive Enterprise Institute v. U.S. Department of State*, Civil Action No. 15-553 (ECF No. 9), filed Sept. 3, 2015.

By contrast, the primary case the government wants to coordinate with this one involves 200 times as many records: It involves "30,000 emails ("Clinton emails") totaling more than 53,000 pages." *See United States Department of State's Motion for Designation of Coordinating Judge and Memorandum in Support* at pg. 4 in *In re: U.S. Department of State FOIA Litigation Regarding Emails of Certain Former Officials*, Misc. No. 15-1188 (D.D.C. Sept. 2, 2015).

Given that only a tiny fraction of the emails in that case could possibly be responsive to our requests, it is not clear how judicial economy would be served by trying to coordinate the two cases. No discovery order or other such relief has been sought in our case, nor has any remedy been sought that could somehow conflict with any other case. (The only current deadline set by the court in our case is that the parties "file a joint supplemental status report on or before

November 5, 2015." *See* 8/7/2015 Minute Order in *Competitive Enterprise Institute v. U.S. Department of State*, No. 15-553).

## LOCAL RULE 7.1 CORPORATE DISCLOSURE STATEMENT

Plaintiff Competitive Enterprise Institute is a non-profit 501(c)(3) corporation organized under the law of the District of Columbia for the purpose of defending free enterprise, limited government, and the rule of law. It has no parent companies. No publicly-held corporation has a 10% or greater ownership interest in it, or indeed, any interest in it at all.

                                                             Respectfully submitted September 14, 2015,

                                                             _____/s/ Hans Bader_____
                                                             Hans Bader, D.C. Bar No. 466545
                                                             Hans.Bader@cei.org
                                                             1899 L Street NW, 12th Floor
                                                             Washington, DC 20036
                                                             (202) 331-2278
                                                             ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2015, a copy of the foregoing Competitive Enterprise Institute's Memorandum In Opposition to United States Department of State's Motion for Designation of Coordinating Judge was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                    _____/s/_____
                                                    Hans Bader