IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| U.S. DEPARTMENT OF STATE FOIA ) | Misc. No. 15-1188 |
| LITIGATION REGARDING EMAILS ) | |
| OF CERTAIN FORMER OFFICIALS ) | |
| ) | |

**RESPONDENT JUDICIAL WATCH, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, OPPOSITION TO DESIGNATION/TRANSFER MOTION**

Respondent Judicial Watch, Inc., by counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and the Court's September 4, 2015 order, respectfully submits this motion to dismiss or, in the alternative, opposition to the U.S. Department of State's motion to designate a "coordinating judge" and to transfer 32 separate Freedom of Information Act ("FOIA") lawsuits pending before 16 district judges to the designated "coordinating judge." As grounds therefor, Judicial Watch states as follows:

**STATEMENT OF POINTS AND AUTHORITIES**

**I.    Introduction.**

Despite clear precedent holding that neither a district court's chief judge nor any other district judge has authority to order another district judge to take action in a case pending before that judge, the U.S. Department of State (the "State Department" or the "agency") seeks an order compelling 16 district judges to transfer 32 FOIA lawsuits to a single "coordinating judge" to decide "common legal, factual, and procedural issues."[1] The extraordinary, unprecedented relief sought by the agency is plainly beyond the power of the Court. It also is unwarranted. The State

---

[1]    In its initial communication with Judicial Watch about this action, the agency represented that it intended to direct its request to the Chief Judge despite the express language of LCvR 40.3(a) requiring miscellaneous cases be assigned randomly. *See* Exhibit 1. The State Department has yet to take any action to have the case assigned to the Chief Judge, nor would such action be proper under LCvR 40.3(a). The action must be assigned randomly.

Department's miscellaneous action should be dismissed or, in the alternative, its motion should be denied.

## II.   The State Department's Miscellaneous Action Must Be Dismissed Under Rule 12(b)(1), (2), (4), (5), and (7).

Rule 12(b) of the Federal Rules of Civil Procedure requires the dismissal of actions for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and the failure to join an indispensable party. Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (7). All five shortcomings exist here.

The State Department fails to identify any legal basis for the Court's subject matter jurisdiction over this miscellaneous action. The State Department cites no federal statute, rule, or law authorizing the Court to intervene in ongoing litigation before it. The action should be dismissed under Rule 12(b)(1).

The State Department also fails to identify any basis for the Court to exercise personal jurisdiction over respondents – the 13 separate FOIA requesters who brought the 32 lawsuits at issue. There has been no service of process, and mere notice of an action is no substitute for proper service of process. *See*, *e.g.*, *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Ibiza Business Ltd. v. United States*, 2010 U.S. Dist. LEXIS 70903 (D.D.C. July 8, 2010) (denying motion for default judgment in miscellaneous action due to insufficiency of service of process). The action should be dismissed under Rule 12(b)(2), (4), and (5).

The State Department also has failed to join indispensable parties – the 16 district judges who preside over the 32 FOIA lawsuits the agency seeks to have transferred to a "coordinating judge." These 16 judges are the real parties in interest. They are the individuals to whom the

orders sought by the State Department would be directed.[2, 3] The State Department's failure to join these 16 judges warrants dismissal under Rule 12(b)(7).

The State Department cannot assert that Rule 12 is inapplicable because its miscellaneous action is a not a conventional civil lawsuit. Any such assertion would only beg the question, "Then what is it?" The agency's miscellaneous action plainly is not like any other miscellaneous action authorized by law. It does not seek to enforce or quash a subpoena – actions that are expressly authorized by law and include specific service provisions. *See* Fed. R. Civ. P. 45. It does not seek to perpetuate testimony, which also is an action expressly authorized by law and has its own service provisions. *See* Fed. R. Civ. P 27. It is not a supplementary proceeding brought in aid of execution of a judgment. *See* Fed. R. Civ. P. 69 and 70. It also is not a "request for judicial assistance," which typically arise in international litigation.[4] "Requests for judicial assistance" are expressly authorized by statute and are initiated by application to a district court. 28 U.S.C. § 1782. A "request for judicial assistance" is not a wholesale invitation to seek any imaginable relief from a federal court. Any assertion by the State Department that this action is not governed by Rule 12 and that subject matter jurisdiction, personal jurisdiction, service of process, and the joinder of indispensable parties are not necessary would only further highlight the fact that the action has no basis in law and is made up out of whole cloth.

---

[2] The State Department did not designate any of these 32 cases as related at the time they were filed or at any time thereafter. Nor did it move for consolidation in any of the underlying cases or seek transfer by consent. Even if the Chief Judge had authority to order the Court's district judges to transfer cases pending before them to a "coordinating judge," the State Department should be denied relief because it failed to raise the matter in the first instance before the individual district judges.

[3] The State Department cannot claim it does not seek orders directed to these 16 judges. Its motion expressly states, "the Court should grant this motion and transfer the common legal, factual, and procedural issues to a member of this Court to serve as a coordinating judge." Motion at 15. It does not ask for the judges' consent.

[4] The State Department obviously is aware of "requests for judicial assistance" because the agency plays a significant role in facilitating their passage through diplomatic channels. *See*, *e.g.*, 28 U.S.C. § 1781.

### III. The State Department's Miscellaneous Action Must Be Dismissed Under Rule 12(b)(6) or, in the Alternative, Its Motion Must Be Denied.

Most fatal of all is the obvious unavailability of the relief the State Department seeks. It is beyond peradventure that one district judge cannot order another district judge to take action in a case pending before that judge. *See*, *e.g.*, *Klayman v. Kollar-Kotelly*, 2013 U.S. App. LEXIS 10148 (D.C. Cir. May 20, 2013); *see also Jones v. Supreme Court of the United States*, 405 Fed. Appx. 508 (D.C. Cir. 2010) (per curium); *Prentice v. United States District Court*, 307 Fed. Appx. 460 (D.C. Cir. 2008) (per curium); *Adams v. United States District Court*, 2014 U.S. Dist. LEXIS 151044 (D.D.C. Oct. 23, 2014); *Mason v. Kahn* 2008 U.S. Dist. LEXIS 50258 at *1 (D.D.C. June 30, 2008). The Court lacks subject matter jurisdiction even to consider such a claim. *Klayman*, 2013 U.S. App. LEXIS 10148 at *2.

In *Klayman*, the plaintiff filed an action seeking to have one district judge issue an injunction against another district judge, among other relief. Then Assistant United States Attorney Rudolph Contreras – now Judge Contreras – argued to Judge Leon that he had no authority to issue an order to Judge Kollar-Kotelly: "This Court lacks jurisdiction to order a District Judge to take judicial action in cases pending before that judge." Defendants' Memorandum in Support of Motion to Dismiss at 6, *Klayman v. Kollar-Kotelly, et al.*, Case No. 11-1775 (RJL) (D.D.C. Dec. 5, 2011) (ECF No. 11). Judge Leon agreed. *Klayman v. Kollar-Kotelly*, 892 F. Supp.2d 261 (D.D.C. 2012). So did the appellate court, which summarily affirmed. *Klayman*, 2013 U.S. App. LEXIS 10148 at *1.

Numerous other cases hold likewise. In *In re McBryde*, 117 F.3d 208 (5th Cir. 1997), a district court judge successfully sought a writ of mandamus against the chief judge of the district court in which he sat when the chief judge ordered cases pending before the district judge be reassigned. "No express or implied power is granted to a chief judge to affect administratively,

directly or indirectly, litigation assigned to and pending before another judge of the court." *Id.* at 225 (quoting, *United States v. Heath*, 103 F. Supp. 1, 2 (D. Haw. 1952)). "Not one case upholds reassignment of a pending case by a chief judge without the consent of the presiding judge." *Id.* "[T]here is no authority for the undersigned [federal district judge] or any other federal district court judge to intervene in [the underlying federal district court] action." *Cobble v. Bernanke*, 2009 U.S. Dist. LEXIS 33872, *6 (W.D. Ky. April 20, 2009). Applicable law "does not grant either express or implied authority to a chief judge to take action in litigation which has been assigned to another judge of the court." *Williams v. Prison Health Services*, 2007 U.S. Dist. LEXIS 19378, *1 (D. Kan. Mar. 16, 2007). "The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's acts or to deny another district judge his or her lawful jurisdiction." *Dhalluin v. McKibbin*, 682 F. Supp. 1096, 1097 (D. Nev. 1988). "The undersigned [federal district judge] has no authority to order another federal district judge to take any action in another case." *Smith v. Peterson & Paletta, PLC*, 2013 U.S. Dist. LEXIS 83805, *6 (W.D. Mich. June 14, 2013).

The State Department's miscellaneous action fails to state a claim on which relief can be granted because the relief the agency seeks – that the Chief Judge order another district judge to serve as a coordinating judge, order as many as 16 other district judges to transfer 32 FOIA lawsuits to the "coordinating judge" to decide "common legal, factual, and procedural issues," and then order that the cases be transferred back to the originally assigned district judges – is beyond the power of the Court. The Court also does not have the power to bind originally assigned judges to the decisions of a "coordinating judge." If anything, such a process will only increase the number of issues to be decided, not reduce them, due to challenges and disputes over the lawfulness of the process, and create additional delay.

The Guantanamo Bay detainee cases heard by this Court following the United States Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. 723 (2008) are inapposite. The Court resolved by Executive Session to designate a single judge to coordinate and manage some 249 petitions for writs of habeas corpus filed by Guantanamo Bay detainees. *See* Order at 1-2, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-422 (TFH) (D.D.C. July 2, 2008) (ECF No. 1); *see also* Resolution of the Executive Session, U.S. District Court for the District of Columbia (July 1, 2008), attached as Exhibit 2. The Court's Executive Session resolution was an administrative act, not a judicial act. No party to a lawsuit filed a motion invoking the Court's judicial power to order relief. No district judge was ordered by another district judge to serve as a "coordinating judge" or to transfer cases pending before him or her.[5] Two district judges "opted out" of the coordination process, a fact the State Department readily admits. *See* Motion at 10, n.7. The fact that two judges could "opt out" of this "coordination process" further confirms that the process was a consensual, voluntary process, not court-ordered relief.

Local Civil Rules 40.5(c) and 40.6(a) do not provide a legal basis for the relief the State Department seeks. Both rules make clear that the assignment and transfer processes they establish are effectuated only with the consent of the judges involved. Neither rule authorizes one district judge to order another district judge to transfer a case, accept a case assignment, or serve as a "coordinating judge." Local Civil Rule 40.7(h) only expresses in general terms the administrative authority of the chief judge. It is not a grant of additional judicial authority to the chief judge, nor does it contradict or overrule the well-established, constitutionally-based

---

[5] The Court's resolution addressed procedural issues primarily. Exhibit 2 at ¶ 4. With respect to substantive issues, the coordinating judge was to "confer with those Judges whose cases raise common substantive issues" before ruling on the issue. *Id*. at ¶ 5. If a district judge did not agree with a substantive ruling made by the coordinating judge, that judge was not bound by the ruling and could "resolve the issue in his or her own cases as he or she deem[ed] appropriate." *Id*. Not only does the State Department make no effort to address how such conflicts might be resolved here, but if an originally assigned judge is able to ignore the coordinating judge's substantive rulings, little if any efficiencies will be gained and further delays will result.

principle that neither a chief judge nor a district judge has express or implied authority to order action be taken in litigation assigned to another district judge.

Finally, before the State Department initiated this action, Judicial Watch asked it to identify the legal basis for the action. It could not do so. The State Department responded, "There is no precise rule that provides for what we are seeking. Since we will be filing a notice with the motion attached in each case, all 17 (sic) judges and 13 plaintiffs will receive notice, and the Court will be able to respond as it sees fit." *See* Exhibit 1. It continued, "We will, of course, follow directions from the Court if it turns out a miscellaneous action is inappropriate." *Id.* In short, the State Department knew its miscellaneous action had no basis in law – certainly none that it could identify – but proceeded nonetheless. The action should be dismissed for failure to state a claim under Rule 12(b)(6), or, alternatively, the motion should be denied.

**IV.    The State Department's Motion is Unwarranted Substantively.**

The State Department claims that granting its motion will be more convenient for the agency, but fails to demonstrate that the 13 FOIA requesters or the 16 district judges affected by the relief will benefit in any way. The agency seeks coordination on: (1) searching the Clinton emails; (2) searching records provided by others; and (3) adjudicating requests for information, discovery, and preservation. The agency's request is unwarranted on each issue.

**A.    Searches of the Clinton Emails.**

The State Department complains that searches of the Clinton emails "have the potential to interfere with each other." Motion at 11. It does not identify the cases in which this alleged, potential interference might occur. Nor does it identify how any specific search might interfere with others. As far as Judicial Watch can tell, the Clinton emails are at issue in only 25 of the 32 cases, and, of those 25 cases, no disputes about searches have arisen in 18 of them. One such

case is *Leopold v. U.S. Dep't of State*, 15-0123, in which the production of all of the Clinton emails is to be completed by January 29, 2016.  In 6 of the 25 cases, the agency has already completed its searches.[6]  In another 6 cases, the FOIA requesters have agreed to defer searches until after the *Leopold* production is complete.[7]  In 2 other cases, the State Department has not sought to stay production schedules that include searches of the Clinton emails.[8]  In 3 other cases, searches have not begun, so it is not even clear if the Clinton emails are at issue.[9]  Therefore, in only 7 of the 25 cases implicating the Clinton emails have the parties not yet reached an agreement as to when the records will be searched.[10]

With respect to these 7 cases, the State Department does not demonstrate how searches will interfere with one another or jeopardize the agency's ability to release all non-exempt Clinton emails by January 29, 2016.  The emails have been scanned into a database and are readily capable of being searched electronically.  Most, if not all, of the searches can be accomplished by a keyword search.  The State Department fails to address the procedural posture of these 7 cases or whether the parties are working together to resolve issues about searches.  In

---

[6] *Judicial Watch, Inc. v. U.S. Dep't of State*, 13-1363; *Judicial Watch, Inc. v. U.S. Dep't of State*, 14-1242; *Judicial Watch, Inc. v. U.S. Dep't of State*, 14-1511; *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-0321; *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-0688; *Freedom Watch, Inc. v. U.S. Dep't of State*, 12-1088.

[7] *Judicial Watch, Inc. v. U.S. Dep't of State*, 12-2034; *Canning v. U.S. Dep't of State*, 13-0831; *O'Brien v. U.S. Dep't of State*, 14-0119; *Associated Press v. U.S. Dep't of State*, 15-0345; *Citizens United v. U.S. Dep't of State*, 15-0441; *Citizens United v. U.S. Dep't of State*, 15-0518.

[8] *Accuracy in Media v. U.S. Dep't of State*, 14-1589; *Veterans for a Strong America v. U.S. Dep't of State*, 15-0464.

[9] *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-1128; *Competitive Enterprise Institute v. U.S. Dep't of State*, 15-0553; *Citizens United v. U.S. Dep't of S*tate, 15-1031.

[10] *Judicial Watch, Inc. v. U.S. Dep't of State*, 12-0893; *Judicial Watch, Inc. v. U.S. Dep't of State*, 13-0772; *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-0646; *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-0691; *Judicial Watch, Inc. v. U.S. Dep't of State*, 15-0692; *Bauer v. U.S. Dep't of State*, 1-0693; *Joseph v. U.S. Dep't of State*, 14-1896

at least one case, *Judicial Watch, Inc. v. U.S. Dep't of State*, 13-0772, the parties are attempting to reach agreement on search terms.

In sum, search issues have already been resolved in 18 of the 25 cases in which the Clinton emails are relevant. Search issues remain in only 7 cases. The State Department has not and cannot demonstrate that these search issues cannot be resolved without a coordinating judge or that conducting searches in these 7 cases will interfere with each other or jeopardize the agency's ability to release all of the Clinton emails by the January 29, 2016 deadline in *Leopold*.

### B. Searches of Records Provided by Others.

The State Department's motion is devoid of any facts or analysis regarding searches of records returned by other former employees. The agency does not identify the quantity or volume of these records. It also does not identify the format – native, pdf, paper, or something else – of the records. Nor does it identify which of the 32 cases even implicate searches of these records. In other words, the agency complains about the effort it must undertake to search these records without disclosing any information that would allow its complaint to be assessed.

In addition, the State Department states that it will search these additional records only if it has an obligation to search the state.gov email accounts of the former employees and if the FOIA requester requests that the records be searched. Motion at 12, fn. 10. Plainly, if the State Department does not know or is not willing to say whether it even intends to search these records in any of the 32 cases, the extraordinary relief it seeks is unwarranted.

### C. Requests for Information, Discovery, and Preservation.

Finally, the State Department baldly asserts that various requests for information, discovery, or records preservation may result in "conflicting rulings on such issues." Motion at 14. The State Department fails to identify any case in which it has been subject to conflicting

rulings to disclose information, respond to discovery, or preserve records.  Judicial Watch is not aware of any such cases.  Nor has the agency identified any cases in which conflicting rulings are likely to occur.  In fact, to Judicial Watch's knowledge, only one judge in a single case has ordered the State Department to provide information about the existence and location of potentially responsive records and directed the agency to preserve records.  When the State Department moved to stay that case pending the outcome of its motion, its request was denied.  *See* Minute Order, *Judicial Watch, Inc. v. U.S. Dep't of State*, 13-1363 (EGS) (D.D.C. Sept. 11, 2015).  Because the State Department cannot point to a single conflicting ruling – or even potentially conflicting rulings – regarding requests for information, discovery, or records preservation, it would appear that its motion is nothing more than a thinly veiled attempt to delay having to provide the information ordered in that case.

WHEREFORE, Judicial Watch respectfully requests that this action be dismissed, or, in the alternative, that the State Department's motion be denied.

Dated:  September 14, 2015

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes (D.C. Bar No. 429716)

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)

*/s/ Ramona R. Cotca*
Ramona R. Cotca (D.C. Bar No. 501159)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20025
(202) 646-5172
Email:  porfanedes@judicialwatch.org
           mbekesha@judicialwatch.org
           rcotca@judicialwatch.org

*Counsel for Judicial Watch, Inc.*