# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

U.S. DEPARTMENT OF STATE FOIA
LITIGATION REGARDING EMAILS
OF CERTAIN FORMER OFFICIALS

Misc. No. 15-1188 (ESH)

## SHANE BAUER'S OPPOSITION TO U.S. DEPARTMENT OF STATE'S MOTION FOR APPOINTMENT OF COORDINATING JUDGE

On September 2, 2015, the United States Department of State ("State"), filed a motion, purportedly pursuant to Local Civil Rules 40.5(e) and 40.6(a), requesting the "designation of a coordinating judge to allow the orderly and efficient resolution of common questions of law, fact, and procedure" in 32 Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, cases "in which the emails of certain former officials are at issue".  State's Mot. at 1 [ECF dkt: 1]. Interested Party Shane Bauer ("Bauer") is an investigative reporter and is the plaintiff in one of the FOIA cases encompassed by State's motion for coordination, *Bauer v. Central Intelligence Agency*, 14-cv-963 (APM), which involves records relating to the detention of himself and other individuals in Iran. State's motion for coordination is improper and will not serve the interests of justice or efficiency and should be denied.

State requests the "designation of a coordinating judge to allow the orderly and efficient resolution of common questions of law, fact, and procedure."  State's Mot. at 1 [ECF dkt: 1].  However, there is currently no dispute in Bauer's case as to any issue of law, fact, or procedure relating to the emails of certain former officials. No schedule for briefing summary judgment has been set yet, and the parties do not currently have any disputes relating to the

former officials' emails that require intervention from the Court. The parties continue to work towards resolution of outstanding issues, and State has not identified a single issue of law, fact, or procedure in Bauer's case for which coordination is necessary.

State avers that transfer of common issues to a coordinating judge will allow for more efficient resolution of the cases. State's Mot. at 10 [ECF dkt: 1]. However, Bauer's case has been proceeding efficiently. His case was filed in June 2014 and the parties have been and will continue to submit status reports regarding the status of the additional searches until such time as the remaining searches by State are complete and a briefing schedule will be set (if necessary). Further, State has not pointed to any burden that it needs to be relieved of at this time. State has not indicated any intent to backtrack from the commitment it made to search the emails provided by Clinton and other former employees in its April 14, 2015 Status Report in Bauer's case:

> "Recently, the Department sent letters to certain current and former State Department officials, including three former officials whose state.gov accounts were searched in response to this FOIA request. In those letters, the Department asked those individuals to make available to the Department any federal records that they may have in their possession, such as emails concerning official government business sent or received on a personal email account while serving in their official capacities with the Department, if there is any reason to believe that those records may not otherwise be preserved in the Department's recordkeeping system. In the event that any such records are received from the three former officials whose state.gov accounts were searched in this case, *the Department will search those records*, as well, and provide any non-exempt portions of responsive records to Plaintiff." [14-cv-963, ECF dkt: 12 ¶ 4 n.1] (emphasis added).

Additionally, the parties in Bauer's case have agreed that any issues relating to the non-governmental emails of the former State Department officials will be addressed only after all other records have been processed and non-exempt portions released. Therefore, there is

currently no need to coordinate with respect to any legal or factual issues about emails sought by Bauer such that State would benefit in Bauer's case from the relief sought here. Similarly, there is currently no deadline by which State must search any of the emails that would be subject to coordination such that State would benefit from the relief sought here.

State also argues that coordination is appropriate because some plaintiffs have sought orders relating to preservation that seek the same or similar relief which may result in "conflicting rulings." State's Mot. at 14 [ECF dkt: 1]. Because Bauer is not one of those plaintiffs, coordination of his case is not appropriate for this purpose.

WHEREFORE, Mr. Bauer respectfully requests that the Court deny State's motion for designation of a coordinating judge with respect to the emails of certain former officials as it relates to his case.

Dated: September 14, 2015                    Respectfully Submitted,

                                             /s/ Jeffrey L. Light_____

                                             Jeffrey L. Light
                                             D.C. Bar #485360
                                             1712 Eye St., NW
                                             Suite 915
                                             Washington, DC 20006
                                             (202)277-6213
                                             Jeffrey@lawofficeofjeffreylight.com

                                             *Counsel for Plaintiff*