**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE:**

**U.S. DEPARTMENT OF STATE FOIA LITIGATION REGARDING EMAILS OF CERTAIN FORMER OFFICIALS**

Misc. No. 15-1188 (___)

**PLAINTIFF FREEDOM WATCH'S SUPPLEMENT TO RESPONSE TO MOTION FOR DESIGNATION OF COORDINATING JUDGE**

In addition to the pending motion for designation of coordinating judge, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, plaintiff Freedom Watch, Inc., respectfully requests that the Court at a minimum consolidate these related cases, for purposes of discovery only. This would be independent of this Court's decision on whether to appoint a coordinating judge who is neutral and does not appear to have a perceived conflict of interest by having been appointed by Presidents Bill Clinton and Barack Obama.

## INTRODUCTION

There have been numerous FOIA suits filed with this Court against the U.S. Department of State ("State") which implicate the search and production of responsive, non-exempt documents that were allegedly provided to State by former Secretary of State Hillary Clinton and certain other former employees.[1] According to State, there are more than 30 FOIA cases where a

[1] State has indicated that there are at least 53,000 pages of these documents provided by former Secretary Clinton.

reasonable search would, or is likely to include a search of all or some of the recently provided documents.

On September 2, 2015, the Department of State sought to designate a coordinating judge for the over 30 cases involved:

> because they each implicate a search of the recently provided documents referenced above, different judges are being asked to impose a variety of search regimes, resulting in a hodgepodge of orders directing how State manages the search and production of the emails. The result is confusion, inefficiencies, and advantages given to some requesters at the expense of others. The appointment of a coordinating judge not only would avoid these results but would assist State in its efforts to complete production of the documents produced by former Secretary Clinton by the end of January 2016.

Motion for Designation of Coordinating Judge (Docket No. 1) at pp. 2.

Whether or not this case is ultimately designated to a neutral, non-Clinton or Obama appointed judge, consolidating these actions for discovery will give the Court and parties the benefits of consolidation—such as avoiding unnecessary costs and duplicative efforts.

For these reasons, and for those discussed below, the Court should, at a minimum, exercise its discretion and order consolidation of these actions for discovery purposes only.

## ARGUMENT

Thus, regardless of whether this Court finds that designating a coordinating judge is or is not appropriate at this point in time, these cases should be consolidated for purposes of discovery. Under Rule 42(a), the Court has considerable discretion with respect to how to consolidate cases. Fed. R. Civ. P. 42(a). Not only can the Court "consolidate the actions," it can "join for hearing or trial any or all matters" or "issue any other orders to avoid unnecessary cost or delay." *Id.*

It is not uncommon for courts to consolidate cases for purposes of discovery only. *See, e.g.*, *Davis v. Heritage Crystal Clean, LLC*, No. 10-CV-59, 2011 WL 1483167, at *2 (E.D. Tenn. Apr. 19, 2011) (ordering consolidation for purposes of discovery only); *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, 2011 WL 2472700, at *1-2 (E.D. Mich. June 22, 2011) (ordering parties to stipulate to consolidation for discovery only); *N. Natural Gas Co. v. L.D. Drilling, Inc.*, 759 F. Supp. 2d 1282, 1304 (D. Kan. 2010) (ordering consolidation for "purposes of discovery only"). Consolidation for purposes of discovery only makes sense here for several reasons.

First, consolidating these cases for only discovery purposes adequately promotes interests of judicial economy and efficiency. *See Davis*, 2011 WL 1483167, at *2 (noting that consolidating cases for discovery only "would further the interests of judicial administration and economy, as proof in each case may overlap"); *see also N. Natural Gas Co.*, 759 F. Supp. 2d at 1304 (noting that consolidating cases for discovery only would "reduce unnecessary cost and duplication of effort"). Any duplication in time, costs, or resources in these cases are most likely to stem from the parties' discovery activities. This is especially true here, where multiple parties could be taking depositions of the same individuals at the Department of State. It simply would not make sense for there to be nearly 30 depositions, for instance, of the same people without some form of consolidation of discovery.

Second, consolidating discovery would also ensure that discovery proceeds with the same speed and effectiveness in all of the cases. This is especially important given the fact that certain judges appointed by Presidents Bill Clinton and Barack Obama are not moving the cases along effectively and appropriately.

For example, in *Freedom Watch v. NSA*, No. 12-cv-1088, the Honorable Christopher Cooper, who was appointed by President Obama, limited Plaintiff to only three of the comprehensive list of search terms that Plaintiff had submitted, and denied a document by document search for responsive documents. Not surprisingly, no additional documents were found and/or produced. He continues to sit on the case without much, if any, movement forward.

Further, in *Freedom Watch v. Department of State*, No. 14-cv-1832, the Honorable James E. Boasberg, who was appointed by President Obama, granted summary judgment to Defendant Department of State even though Department of State had failed to produce a single document related to the State Department's granting of waivers of sanctions for countries doing business with Iran. The revelations of Hillary Clinton's emails being withheld were developed while this case was on appeal and the U.S. Court of Appeals for the District of Columbia recently remanded this appeal back to the District Court "to manage record development and oversee the search of the former Secretary's emails for records responsive to Freedom Watch's FOIA request." *See Freedom Watch v. U.S. Department of State*, No. 15-5048 (D.C. Cir. September 11, 2015).

This is in contrast with the approach taken by the Honorable Emmet G. Sullivan in the case of *Judicial Watch v. U.S. Department of State*, Case No. 13-cv-1363. On July 31, 2015, Judge Sullivan ordered State to produce documents within a single week, in an effort to expedite a process that State has dragged its feet on for over a year. He has also pushed for full disclosure of the apparent cover-up in this regrettable Clinton email scandal. As Judge Sullivan stated in a hearing of August 20, 2015, "[t]here was a violation of government policy," and discovery is the only way to shed light on the extent of the violations that took place. Further discovery is likely.

Finally, it is clear that the Obama State Department would seek to remove these issues from all Republican appointed judges. Just today, September 18, 2015, State objected to Plaintiff Freedom Watch's Related Case Designation in a separate FOIA lawsuit. *See* Exhibit 1 – Objection to Related Case Designation filed in *Freedom Watch v. U.S. Department of State,* No. 15-cv-1264. This was done in an apparent move to take this case away from a non-Clinton or Obama appointed judge, and get it back into the hands of a more politically sympathetic jurist.

Consolidating these cases for the purposes of discovery will allow the discovery process to proceed regardless of how each individual judge decides to handle other matters related to the case. Discovery is a crucial element of these FOIA cases at this point in time and it should be proceeding at an expeditious manner. State has been prolonging the release of responsive documents and/or hiding these documents from being produced. Only through discovery will this Court and plaintiffs be able to discern whether State has been truthful and forthcoming with the release of responsive documents, and provide a means to locate and finally produce the responsive documents.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff Freedom Watch Supplements its response to Department of State's Motion For Designation Of Coordinating Judge and requests that this Court consolidate these cases at least for purposes of discovery.

---

[2] By way of example, the Honorable Royce C. Lamberth used discovery to locate documents hidden by Clinton Commerce Department Secretary Ron Brown and other political appointees concerning the selection and sale for campaign contributions of seats on overseas trade missions to China and other countries. This famous case, which disclosed that Hillary Clinton conceived of and participated in selling these seats for $100,000 contributions by donors to the Democratic National Committee for the Clinton-Gore reelection campaign, triggered the campaign finance/ Chinagate scandals which ultimately resulted in legislative reform to our campaign finance laws. *See Judicial Watch v. U.S. Department of Commerce*, Case No. 96-0331 (D.D.C.) (J. Royce C. Lamberth). The undersigned counsel was lead counsel in this case as the founder, chairman and general counsel of Judicial Watch.

Dated: September 18, 2015

Respectfully Submitted,

/s/ *Larry Klayman*

Larry Klayman, Esq.
Freedom Watch, Inc.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW #345
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com