## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE FOIA | ) | Misc. No. 15-1188 |
| LITIGATION REGARDING EMAILS | ) | |
| OF CERTAIN FORMER OFFICIALS | ) | |
| _____ | ) | |

## RESPONDENT JUDICIAL WATCH, INC.'S MOTION
## FOR RULE 11 SANCTIONS

Respondent Judicial Watch, Inc. ("Judicial Watch"), by counsel and pursuant to Rule 11

of the Federal Rules of Civil Procedure ("Rule 11") respectfully requests that the U.S.

Department of State ("State Department") be sanctioned for filing a meritless action entirely

unwarranted by existing law.  As grounds therefor, Judicial Watch states as follows:

### STATEMENT OF POINTS AND AUTHORITIES

1.      Rule 11 sanctions may be imposed where a party files a pleading, motion or other

paper with the court for an improper purpose, that is unwarranted by existing law, or that is

lacking in evidentiary support.  Fed. R. Civ. P. 11(b)(1)-(3).  "'[T]he district court is accorded

wide discretion' in determining whether sanctions are appropriate." *Gomez v. Aragon*, 705 F.

Supp. 2d 21, 23 n.2 (D.D.C. 2010) (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174

(D.C. Cir. 1985)).  "'Rule 11 sanctions are an extreme punishment for filing pleadings that

frustrate judicial proceedings.'" *Brown v. FBI*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting

*Wasserman v. Rodacker*, 2007 U.S. Dist. LEXIS 51873 at *24 (D.D.C. July 18, 2007)).  "'The

test [for sanctions] under Rule 11 is an objective one:  that is, whether a reasonable inquiry

would have revealed that there was no basis in law or fact for the asserted claim.'" *Sharp v.

Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (quoting *Reynolds v. U.S.*

*Capitol Police Bd.*, 357 F. Supp. 2d 19, 23 (D.D.C. 2004)).  Further, Rule 11 includes a "safe harbor provision" which requires that the motion must be first served on the non-movant to allow an opportunity to withdraw the challenged assertion.  Fed. R. Civ. P. 11(c)(2).  "This procedural rule must be satisfied before the Court considers the substantive aspects of plaintiff's motion."  *Brown*, 873 F. Supp. 2d at 408.

2.       On September 2, 2015, the State Department initiated this lawsuit, purportedly as a "miscellaneous action," seeking to have the Chief Judge order as many as 17 District Judges to transfer more than 30 Freedom of Information Act ("FOIA") lawsuits, including at least 16 lawsuits filed by Judicial Watch, to a "coordinating judge" at least for a period of time.  *See* United States Department of State's Motion for Designation of Coordinating Judge and Memorandum in Support at 15.  Judicial Watch recognizes the extraordinary nature of Rule 11 relief, but respectfully submits that the State Department's extraordinary lawsuit is one the rare cases that warrants such relief.

3.       The State Department's lawsuit suffers from numerous fatal flaws, not the least of which are the State Department's failure to identify any basis for the Court' subject matter jurisdiction or demonstrate why the relief the agency seeks is properly the subject of a miscellaneous action.  The State Department also has failed to identify any basis for the Court to assert personal jurisdiction over respondents – the FOIA requestors who bought the more than 30 lawsuits in question.  There plainly has been no service of process, and mere notice of an action is no substitute for proper service of process.  *See*, *e.g.*, *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Ibiza Business Ltd. v. United States*, 2010 U.S. Dist. LEXIS 70903 (D.D.C. July 8, 2010) (Lamberth, J.) (denying motion for default judgment in miscellaneous action due to insufficiency of service of process).  The State Department also

failed to join at least 17 indispensable parties, namely the district judges against whom they seek relief.

4.     Most fatal of all, however, is the complete absence of any substantive legal basis for the State Department's claim.  It is beyond peradventure that one district judge cannot order another district judge to take action in a case pending before that judge.  *Klayman v. Kollar-Kotelly*, 2013 U.S. App. LEXIS 10148 (D.C. Cir. May 20, 2013), *reh'g denied* 2013 U.S. App. LEXIS 16769 (D.C. Cir. Aug. 12, 2013), *reh'g en banc denied* 2013 U.S. App. LEXIS 16770 (D.C. Cir. Aug. 12, 2013); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Jones v. Supreme Court of the United States*, 405 Fed. Appx. 508 (D.C. Cir. 2010) (per curium); *Prentice v. United States District Court*, 307 Fed. Appx. 460 (D.C. Cir. 2008) (per curium); *Adams v. United States District Court*, 2014 U.S. Dist. LEXIS 151044 (D.D.C. Oct. 23, 2014) (Berman Jackson, J.); *Mason v. Kahn* 2008 U.S. Dist. LEXIS 50258 at *1 (D.D.C. June 30, 2008).  Not only does a district judge lack such power, but the Court lacks subject matter jurisdiction to consider a claim that it does.  *Klayman*, 2013 U.S. App. LEXIS 10148 at *2.

5.     In *Klayman*, the plaintiff filed an action seeking, among other relief, to have one district judge issue an injunction against another district judge.  Then Assistant United States Attorney Rudolph Contreras – now Judge Contreras – argued to Judge Leon that he had no authority to issue an order to Judge Kollar-Kotelly:  "This Court lacks jurisdiction to order a District Judge to take judicial action in cases pending before that judge."  Defendants' Memorandum in Support of Motion to Dismiss at 6, *Klayman v. Kollar-Kotelly, et al.*, Case No. 11-1775 (RJL) (D.D.C. Dec. 5, 2011) (ECF No. 11).  Judge Leon agreed.  *Klayman v. Kollar-Kotelly*, 892 F. Supp.2d 261 (D.D.C. 2012).  So did the appellate court, which summarily affirmed.  *Klayman*, 2013 U.S. App. LEXIS 10148 at *1.  The relief the State Department seeks

– that a district judge order as many as 17 other district judges to transfer more than 30 FOIA

lawsuits to a single "coordinating judge" – is unwarranted by any existing law.  Fed.R.Civ.P.

11(b)(2).  Nor is it warranted by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law.  *Id.*

6.     The Guantanamo Bay detainee cases heard by this Court following the United

State Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. 723 (2008) are inapposite.

Regarding those cases, the Court resolved by Executive Session to designate a single judge to

coordinate and manage some 249 petitions for writs of habeas corpus filed by Guantanamo Bay

detainees.  *See* Order at 1-2, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-422 (TFH)

(D.D.C. July 2, 2008) (ECF No. 1); *see also* Resolution of the Executive Session, U.S. District

Court for the District of Columbia (July 1, 2008), attached as Exhibit 1.  The Court's Executive

Session resolution was an administrative act, not a judicial act.  No district judge was ordered by

another district judge to do anything.  Two district judges "opted out" of the coordination

process, a fact the State Department readily admits.  *See* Motion at 10, n.7.  The fact that two

judges could "opt out" of the "coordination process" established by the Court for the

Guantanamo Bay detainee litigation further confirms that the process was a consensual,

voluntary process to which the participating judges agreed, not court-ordered relief.

7.     Local Civil Rules 40.5(c) and 40.6(a), both of which the State Department cites,

also do not provide a legal basis for the relief the State Department seeks.  Both rules make clear

that the assignment and transfer processes they establish are effectuated only with the consent of

the judges involved.  Again, no district judge is ordered by another district judge to do anything.

8.     Before the State Department initiated its miscellaneous action on September 2,

2015, Judicial Watch asked it to identify the basis for its action.  It could not do so.  The State

Department's counsel wrote in an email earlier that same day, "There is no precise rule that provides for what we are seeking.  Since we will be filing a notice with the motion attached in each case, all 17 judges and 13 plaintiffs will receive notice, and the Court will be able to respond as it sees fit."  *See* Exhibit 2.  Counsel continued, "We will, of course, follow directions from the Court if it turns out a miscellaneous action is inappropriate."  *Id.*  In short, the State Department knew its action had no basis it law – certainly none that it could identify – but nonetheless filed the action despite the time and expense Judicial Watch would be forced to incur as a result.

9.      That time and expense has already been substantial and will only continue to increase.  As a result of the State Department's initiation of its miscellaneous action, Judicial Watch has had to divert its scarce time and not-for-profit resources away from other matters so that they might be expended on the State Department's miscellaneous action.  In addition, the State Department has filed (or declared its intention to file) motions to stay in each of the underlying FOIA lawsuits brought by Judicial Watch, pending the outcome of the agency's miscellaneous action.  Obviously, responding to as many as 16 motions to stay will require (and already has required) the expenditure of substantial resources.  One response is due September 9, 2015.  *See* Minute Order, *Judicial Watch, Inc. v. U.S. Dep't of States*, Case No. 13-1363 (EGS) (D. District of Columbia) (Sep. 3, 2015).  A hearing on the State Department's motion to stay in that particular matter has been set for September 16, 2015.  Minute Order, *Judicial Watch, Inc. v. U.S. Dep't of States*, Case No. 13-1363 (EGS) (D. District of Columbia) (Sep. 4, 2015).  None of these expenditures would have been necessary were it not for the State Department's clearly baseless miscellaneous action.  The State Department should be required to make Judicial Watch whole by paying Judicial Watch reasonable attorney's fees and any associated costs.

10.     A copy of this motion was served on counsel for the State Department, and all other counsel of record, at least 21 days before the motion was filed.  As of the date of filing, the State Department has failed or refused to withdraw its baseless action.

WHEREFORE, Judicial Watch respectfully requests that Rule 11 sanctions be entered against the State Department and that Judicial Watch be awarded reasonable attorney's fees and costs sufficient to make it whole not only for the time and expense it was unnecessarily forced to incur in this matter, but also in the underlying FOIA lawsuits affected by the State Department's baseless action.

Dated: September 5, 2015                                     Respectfully submitted,

                                                            */s/ Paul J. Orfanedes*
                                                            Paul J. Orfanedes
                                                            D.C. Bar No. 429716
                                                            JUDICIAL WATCH, INC.
                                                            425 Third Street SW, Suite 800
                                                            Washington, D.C. 20025
                                                            Tel:     (202) 646-5172
                                                            Fax:     (202) 646-5199
                                                            Email:  porfanedes@judicialwatch.org

                                                            *Counsel for Judicial Watch, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2015 a true and correct copy of the foregoing RESPONDENT JUDICIAL WATCH, INC.'S MOTION FOR RULE 11 SANCTIONS was served on the following by email and by first class U.S. mail, postage prepaid:

*Counsel for U.S. Dep't of State:*

Elizabeth J. Shapiro
Robert J. Prince
U.S. DEPARTMENT OF JUSTICE
P.O. Box 883
Washington, DC 20044
Email:  Elizabeth.Shapiro@usdoj.gov
Email:  robert.prince@usdoj.gov

*Counsel for Citizens United, Inc.:*

Theodore B. Olson
Matthew D. McGill
GIBSON, DUNN & CRUTCHER, L.L.P.
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Email: tolson@gibsondunn.com
Email: mmcgill@gibsondunn.com

*Counsel for Jason Leopold:*

Ryan Steven James
LAW OFFICE OF RYAN S. JAMES
5208 Capricorn Loop
Killeen, TX 76542
Email: rsjameslaw@gmail.com

Jeffrey Louis Light
LAW OFFICES OF JEFFREY LIGHT
1712 Eye Street, NW
Suite 915
Washington, DC 20006
Email:  jeffrey@lawofficeofjeffreylight.com

/s/ Paul J. Orfanedes